## Commonwealth v. Blair

*LeRoy S. Maxwell,* for Commonwealth.
*Chauncy M. Depuy, Jr.,* for defendant.

WINGERD, P. J., June 18, 1948.—On November 24, 1941, in the court of quarter sessions of this county, James J. Blair was charged with nonsupport of a bastard child and pleaded guilty. As a result thereof he was, inter alia, ordered to pay to Mary McKelvey, mother of the child, the sum of $1.50 per week for the support of such illegitimate child until the child reached the age of 16 years. Blair paid, in accordance with the order of the court, until he was inducted into the Army of the United States in June 1943. From his induction into the Army in June 1943 until his discharge in January 1946, $22 was deducted each month from his pay, which was paid to the mother of his illegitimate child, in addition to the $20 per month contributed by the United States Government for the

support of the child, both under the terms of the Servicemen's Dependents Allowance Act of June 23, 1942, 56 Stat. at L. 381, 37 U. S. C. §201 et seq. After defendant's discharge and return from the Army he made no payments to the mother for the support of the child. When his back payments amounted to $90 he was arrested for noncompliance with the court's order.

Blair contends that the $22 a month deducted from his pay while in the Army constituted an overpayment of the court's order; that he is entitled to a credit for the total amount of such payments and that by reason of such credit he is not in arrears but is paid up in advance until June 1952. He claims no credit for the $20 per month paid by the United States Government.

To obtain a decision from this court in reference to his contention, Blair paid into court $90 and the costs and was released from jail pending an adjudication of his liability.

The matter is before the court on a rule issued, pursuant to Blair's petition, on the District Attorney of Franklin County to show cause why the order of this court, made November 24, 1941, should not be marked paid up until June 15, 1952, and why the payment into court of the sum of $90 should not be refunded to petitioner.

This court is of the opinion that payments made by the United States Government directly and by deduction from a soldier's pay are for the support of the soldier's dependents or dependent during the time the soldier is in the service and have no bearing upon or relation to his liability for their support either before he entered the service or after he is discharged therefrom. Under the provisions of the Servicemen's Dependents Allowance Act, supra, the child of a soldier is entitled to a certain amount for its support to be supplied and paid in accordance with the provisions of that act. These payments are for its support during

the time for which they are paid. The payments need not be made voluntarily by the soldier, but may be enforced in the dependent's behalf through Government channels. They have no bearing upon the extent of the liability of the soldier to support a dependent when he is a civilian.

A State court determines the liability and then determines its extent, taking into consideration the dependent's needs and the ability of the person, charged with dependent's support, to pay. An order by a State court may be way below a dependent's needs by reason of the lack of ability, on the part of the one charged, to pay. Many circumstances may enter into the determination by a State court of the amount to be paid for the support of a dependent. The amount determined does not necessarily indicate the amount necessary for the proper support of the dependent.

When Blair entered the Army circumstances changed. He received his board, clothing and lodging in addition to his pay, and the amount payable for dependent's support was fixed by an act of Congress. The amount so fixed and paid was, as we have said, for current support. It amounted to about $9.69 a week, which is not a great amount upon which to feed, clothe and lodge a growing child. The mother had an absolute right to spend the whole of the amount each month for the support of the child. We cannot see how Blair is relieved from supporting the child, to any extent, after the Government allotment ceased. Neither can we see any relation between the payments made as Government allotments from Blair's pay as a soldier and his liability to support the child under this court's order when such allotment ceased except that, during the time they were paid, the court's order was satisfied as the amount made available for the child's support, by reason of Blair's service, was greater than the amount ordered by the court to be paid by Blair when not in the service.

The thoughts expressed in this opinion are in accord with Commonwealth v. Baker, 57 D. & C. 465, and Commonwealth ex rel. v. Thomas, 56 D. & C. 263.

Now, June 18, 1948. Rule discharged.